# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ROBERT BEARD, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO: 17-2668**

**U.S. ARMY CORPS OF ENGINEERS**                            **SECTION: "S" (1)**

## ORDER AND REASONS

This matter is before the court on cross motions for summary judgment filed by the defendant, the United States Army Corps of Engineers (the "USACE"), and the plaintiffs, Robert Beard, Carolyn Milton, Garry Lewis, and the Town of Livingston, Louisiana.

This case involves a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request for documents made by plaintiffs to the USACE. Plaintiffs assert that the USACE is improperly withholding 154 emails that are responsive to their FOIA request. Plaintiffs filed a motion to compel a *Vaughn* index, which is a privilege log explaining the documents withheld and the reasons for the USACE's withholding them. In response, the USACE produced a *Vaughn* index that states the names of the senders and recipients, the subject line contents, date and number of attachments to each email. The USACE claims that all of the documents are withheld under FOIA Exemption 5, which protects from production "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The reason listed for withholding every entry on the *Vaughn* index is stated as "Internal communication, predecisional, deliberative or Attorney/Client privileged."

The USACE agues that it produced all documents responsive to the plaintiff's FOIA request and an adequate *Vaughn* index for the withheld documents. The USACE maintains that all of the

documents were properly withheld under FOIA Exemption 5 as "Internal communication, predecisional, deliberative or Attorney/Client privileged."

Plaintiffs argue that the *Vaughn* index produced by the USACE is inadequate because it does not identify the senders and recipients of the emails as either internal agency employees, employees of other government agencies or non-governmental employees. Plaintiffs argue that some of the subject lines state that the emails are "EXTERNAL," which would indicate that the privilege asserted under Exemption 5 may have been waived if one of the parties privy to the email is not a government employee or an attorney. Plaintiffs also argue that some of the subject lines indicate that the emails contain final reports, which would not be predecisional, or talking points, which could be for public disclosure if the document is preparing an agency employee for a public meeting. Further, plaintiffs argue that the USACE failed to segregate out and produce purely factual information which would not be subject to exclusion under Exemption 5. Plaintiffs contend that there is no information in the *Vaughn* index justifying the withholding of every one of the emails listed as protected by "attorney/client privilege" because there is no indication that attorneys were parties to all of the emails or that all of the emails include confidential information provided by the client to an attorney. Finally, plaintiffs argue that the USACE failed to explain that the documents contain no information that could be segregated and produced or describe the portion of the information that is non-exempt and how it is dispersed throughout the document. The plaintiffs seek immediate release of all of the 154 withheld emails and their attachments, a revised *Vaughn* index giving more detailed descriptions of the withheld documents and the reasons asserted for

withholding them, or an open *in camera* inspection of the documents with counsel for both sides present.

After reviewing the *Vaughn* index, the court finds that it is not adequate to explain the withheld documents and the justification for withholding them for all of the reasons asserted by plaintiffs. The USACE must provide more detail for the plaintiffs and the court to determine whether the documents were properly withheld under Exemption 5. As such,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment (Doc. #25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. #26) is **GRANTED** as to the requested relief of ordering the defendant to produce a supplemental *Vaughn* Index.

**IT IS FURTHER ORDERED** that the defendant produce an amended *Vaughn* index within 30 days of the date of this order that: specifically identifies the parties to the emails, including their names, positions, job duties and professional affiliation; includes more detailed descriptions of the content of the emails and their attachments other than simply the subject line of the email; describes the portion of the information that is non-exempt and how it is dispersed throughout the document so that it cannot be separately produced; and, explains the exact reason that the document is withheld, either as an internal communication that is predecisional and deliberative or an attorney/client communication. The government must also produce any segregable non-exempt information in the documents within 30 days of the date of this order. After reviewing the amended *Vaughn* index and any additional documents produced, the plaintiffs may file another motion for summary judgment addressing any perceived inadequacies in the amended *Vaugh* index. At that time, the court will determine whether an *in camera* review is necessary, and if so, whether it should be *ex parte*.

New Orleans, Louisiana, this  1st  day of March, 2018.

                        **MARY ANN VIAL LEMMON**
                        **UNITED STATES DISTRICT JUDGE**