# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BEARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-2668** |
| **U.S. ARMY CORPS OF ENGINEERS** | **SECTION: "S" (1)** |

## ORDER AND REASONS

This matter is before the court on cross motions for summary judgment filed by the plaintiffs, Robert Beard, Carolyn Milton, Garry Lewis, and the Town of Livingston, Louisiana (Doc. #33), and the defendant, the United States Army Corps of Engineers (the "USACE") (Doc. #34).

This case involves a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request for documents made by plaintiffs to the USACE. Plaintiffs assert that the USACE is improperly withholding emails and attachments to emails that are responsive to their FOIA request. Plaintiffs filed a motion to compel a *Vaughn* index, which is a privilege log explaining the documents withheld and the reasons for the USACE's withholding them. In response, the USACE produced a *Vaughn* index that stated the names of the senders and recipients, the subject line contents, date and number of attachments to each email. The USACE claimed that all of the documents were withheld under FOIA Exemption 5, which protects from production "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The reason listed for withholding every entry on the *Vaughn* index was stated as "Internal communication, predecisional, deliberative or Attorney/Client privileged."

The court found that the original *Vaughn* index was insufficient and ordered the USACE to produce an amended *Vaughn* index that:

> specifically identifies the parties to the emails, including their names, positions, job duties and professional affiliation; includes more detailed descriptions of the content of the emails and their attachments other than simply the subject line of the email; describes the portion of the information that is non-exempt and how it is dispersed throughout the document so that it cannot be separately produced; and, explains the exact reason that the document is withheld, either as an internal communication that is predecisional and deliberative or an attorney/client communication.

The USACE produced the supplemental *Vaugh* index, which lists 66 emails as exempt. Also, the USACE released 72 emails that were considered "non-exempt" after another review.

Plaintiffs filed the instant motion for summary judgment arguing that the supplemental *Vaughn* index does not contain a detailed analysis of the withheld documents sufficient to test the USACE's claimed exemptions and does not identify any of the attachments to the emails. Plaintiffs also argue that the supplemental *Vaughn* index contains new documents that were not on the original *Vaughn* index and uses a different numbering system than the original *Vaughn* index, which makes it impossible to compare the two to ensure that all of the documents were produced or properly withheld. Plaintiffs contend that the USACE is deliberately trying to conceal relevant non-exempt documents. Plaintiffs seek the immediate release of all of the withheld emails and their attachments, a revised *Vaughn* index giving more detailed descriptions of the withheld documents and the reasons asserted for withholding them along with a segregability analysis, or an open *in camera* inspection of the documents with counsel for both sides present. Plaintiffs additionally seek an order awarding them attorneys' fees.

The USACE filed a cross-motion for summary judgement arguing that its supplemental *Vaughn* index complies with the court's order and that it has properly withheld the listed documents. The USACE attached to its motion another revised *Vaughn* index which compares the two previously produced *Vaughn* indices and indicates the status of each of the documents listed. The USACE seeks an order finding that it has complied with its FOIA obligations and that the documents listed on the *Vaughn* indices were properly withheld. However, the USACE states that an *ex parte in camera* inspection "may be the most efficient method to dispose of this matter," and consents to the court reviewing the withheld documents without counsel present to ensure that they are indeed subject to the cited FOIA exemptions. The USACE argues that the plaintiffs' request for attorneys' fees should be denied at this time and the court should order the plaintiffs to file a motion on that issue after the *ex parte in camera* inspection.

After reviewing the supplemental *Vaughn* index, the comparison of the *Vaughn* indices and the parties' arguments, the court finds that an *ex parte in camera* inspection of the withheld documents is warranted to ensure that they are indeed subject to the FOIA exemptions claimed. Therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. #33) is **GRANTED** as to the requested relief of ordering the defendant to produce the withheld documents for an *ex parte in camera* inspection. The motion is otherwise **DENIED**. Plaintiffs may file a motion for summary judgment on the attorneys' fees issue after the *ex parte in camera* inspection is completed.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment (Doc. #34) is **GRANTED** as to the requested relief of the court conducting an *ex parte in camera* inspection of the withheld documents. The motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the defendant produce the withheld documents to the court for an *ex parte in camera* inspection within 15 days of the date of this Order. The court will then determine whether the documents were properly withheld pursuant to the claimed FOIA exemptions.

New Orleans, Louisiana, this  13th  day of June, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**